UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| QUINCY PATRICK JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-00200-JRG-CRW |
| | ) | |
| OFFICER HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the motion for leave to proceed *in forma pauperis* [*id.*] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*id.*] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A), (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. *Id.* §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v.*

2

*Kerner*, 404 U.S. 519, 520 (1972). A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations of the Complaint

Plaintiff alleges that on September 10, 2020, he was kept locked down in a medical unit from 10:30 a.m. until 4:15 p.m. so that Defendant Hill could check in mentally disturbed inmates and allow them out for recreation, but he is only allowed to go out to the "so-called yard once a week" [Doc. 1 at 3–4]. Plaintiff questions why the mentally disturbed inmates' rights are more important than his and states that he is a ward of the state, has rights no matter where he is, has no conduct write-ups, is not in segregation, and therefore should not be locked down because he is in a medical unit for being disabled [*Id.* at 4]. Plaintiff seeks injunctive relief and punitive damages [*Id.* at 1, 5].

### C. Analysis

Plaintiff's allegation that he was locked down on one occasion for less than six hours fails to allow the Court to plausibly infer any violation of his Eighth Amendment rights. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Accordingly, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Thus, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate the prisoner's Eighth Amendment rights. *Id.* at 8–9 (1992) (citations and quotations omitted).

3

Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). Accordingly, in examining claims alleging that the conditions of the plaintiff's confinement may violate the Eighth Amendment, a court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36; *see also Rhodes*, 452 U.S. at 347.

Nothing in Plaintiff's complaint suggests that the nearly six-hour lockdown alleged therein deprived Plaintiff of a life necessity, and the Sixth Circuit has held that even frequent lockdowns do not violate a prisoner's rights under the Eighth Amendment. *See Bishawi v. Northeast Ohio Corr. Ctr.*, 628 F. App'x, 339, 345–46 (6th Cir. 2014) (stating that allegations of "frequent lockdowns . . . are insufficient to support an Eighth Amendment claim"). Moreover, temporary inconveniences do not violate the Eighth Amendment. *See Dellis v. Corrs. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001) (providing that temporary inconveniences "did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency").

Further, to the extent Plaintiff alleges that his infrequent outdoor exercise violates his constitutional rights, any such allegation also fails to state a claim upon which relief may be granted under § 1983. Prisoners are entitled to enough exercise to maintain reasonably good physical and mental health. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). While the Sixth Circuit does not require a certain amount of exercise for prisoners, it has held that "'a total or near-total deprivation of exercise or

4

recreational opportunity, without penological justification,'" impinges on a prisoner's Eighth Amendment rights. *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995). As Plaintiff has not alleged Defendant Hill has completely or nearly completely denied him recreation or exercise, his complaint fails to state a claim upon which relief may be granted under § 1983 for denial of recreation or exercise.

Lastly, it does not appear that Plaintiff intended to state a claim for violation of the Equal Protection clause in his complaint. However, to the extent that he did so intend by questioning why the mentally ill inmates' rights are "more important than his" with regard to recreation and/or stating that he should not be locked down because he is in a medical unit due to being disabled [Doc. 1 at 4], he has not set forth any facts that would allow the Court to plausibly infer that any other similarly situated inmates in the jail, including mentally ill inmates, receive disparate treatment from Defendant Hill with regard to recreation time, or any other factual allegation to support such a claim. *See Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (stating that, in order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006))). Thus, if Plaintiff did intend to state such a claim, he has failed to do so.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;
2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

5

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE